UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
(LUFKIN DIVISION)

| | |
|---|---|
| In re: ) | |
| ) | **JOINTLY ADMINISTERED** |
| TEXAS PELLETS, INC.[1] ) | under Case No. 16-90126 |
| ) | |
| Debtors. ) | Chapter 11 |
| ) | |

---

| | |
|---|---|
| GERMAN PELLETS TEXAS, LLC ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Adversary Proceeding No. 18-09014** |
| ) | |
| NORTH AMERICAN BIOMASS, LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST NORTH AMERICAN BIOMASS, LLC**

German Pellets Texas, LLC ("GPTX" or the "Debtor"), Plaintiff in the above-captioned adversary case and one of the debtors and debtors-in-possession in the above-styled, jointly-administered bankruptcy cases (the "Bankruptcy Cases"), hereby moves for a default judgment against Defendant North American Biomass, LLC ("Defendant") and, in support thereof, respectfully submits as follows:

1.

As evidenced by the executed Return of Summons filed into the record of these

---

1 The jointly-administered Chapter 11 Debtors, along with the last four digits of each such Debtor's federal tax identification number, are Texas Pellets, Inc. (3478) and German Pellets Texas, LLC (9084). The corporate headquarters and service address for the jointly-administered is: 164 CR 1040, Woodville, TX 75979.

proceedings on July 6, 2018 [Docket # 10] and on July 6, 2018 [Docket # 11], GPTX served the Defendant with the Amended Complaint using two different addresses (in an abundance of caution) on June 26, 2018 and June 28, 2018.[2] Since then, Defendant has not filed an answer or other responses to the Complaint or Amended Complaint. Accordingly, GPTX requested the initial entry of default [Docket # 12].

2.

On December 6, 2018, the Court entered default against Defendant [Docket # 13].

3.

GPTX's claim against Defendant is for a sum certain, and GPTX requests default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Rule 7055 of the Federal Rules of Bankruptcy Procedure, and Local Rule 7055-1 in favor of GPTX against Defendant in the amount of $125,119.40, together with (a) pre-judgment interest at the federal judgment rate of 2.25% accruing from April 30, 2018 (the date of filing) through the date of this Judgment; (b) post-judgment interest at the federal judgment rate pursuant to 28 U.S.C. § 1961 from entry of this judgment until paid in full; and (c) filing fees in the amount of $350.00. The Affidavit of Chip Cummins attached hereto as Exhibit "A" contains a calculation of the amount, which is also set forth below.

4.

Pursuant to 11 U.S.C. § 547(b), an avoidable preferential transfer is any transfer of a debtor's interest in property:

---

[2] The service was made directly on Mr. Christian Bach as the Manager of Defendant after earlier service on the registered agent for Defendant, CT Corporation, was returned unexecuted. (CT Corporation, which is listed as Defendant's registered agent for service of process, has asserted to the undersigned that its services as registered agent have been discontinued for more than five years.) Service on Mr. Bach as Manager of Defendant is proper service under Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure.

(1) to or for the benefit of a creditor;
(2) for or on account of antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made --
    (A) on or within 90 days before the date of the filing of the petition; or
    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if–
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title. 11 U.S.C. § 547(b).

5.

The sum of $125,119.40 is recoverable from Defendant as an avoidable preferential transfer under Section 547(b) of the Bankruptcy Code, as set forth below.

6.

Exhibit "A" demonstrates that Defendant received the sum of $125,119.40 (the "Transfer") as a single payment of $125,119.40 from a GPTX account at Citizens State Bank on April 15, 2016. *See* Exhibit "A" at ¶4. This bank account held funds that constituted property of GPTX. Therefore, the Transfer constituted a transfer of an interest in property of the debtor GPTX under Section 547(b) of the Bankruptcy Code. *See* Exhibit "A" at ¶4.

7.

Under Bankruptcy Code § 547(b)(1) and (2), the Transfer was made to or for the benefit of Defendant, and Defendant received the Transfer as payment on an antecedent debt. At the time the Transfer was made, Defendant was a creditor of GPTX and had a

right to payment from GPTX for certain goods previously delivered to GPTX. The Transfer was made to satisfy certain amounts owed to Defendant for Defendant's previous delivery of goods to GPTX. *See* Exhibit "A" at ¶5.

8.

Under Bankruptcy Code § 547(b)(3), at the time the Transfer was made, GPTX was insolvent within the meaning of Bankruptcy Code § 101(32). *See* Exhibit "A" at ¶6. *See also* Bankruptcy Code § 547(f) ("For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.")

9.

Under Bankruptcy Code § 547(b)(4), the Transfer was made on April 15, 2016, which is within the 90 days preceding the filing of the main bankruptcy case on April 30, 2016 (the "Petition Date"). *See* Exhibit "A" at ¶4.

10.

Under Bankruptcy Code § 547(b)(5), by virtue of receiving the Transfer, Defendant received more than it would have received if the Bankruptcy Cases had been cases under Chapter 7 of the Bankruptcy Code, the Transfer had not been made, and Defendant had received payment of the amounts then owed to it by GPTX to the extent provided by the provisions of the Bankruptcy Code. In the event that the Debtors' assets were liquidated under Chapter 7, as indicated in GPTX's Schedules filed in the Bankruptcy Cases and the proofs of claim received to date, unsecured creditors would receive no distribution. *See* Exhibit "A" at ¶7. and [Docket #63-1 in the main bankruptcy

case].³

11.

In addition, under Bankruptcy Code § 502(d), any and all prepetition claims, expenses (including expenses under Bankruptcy Code § 503(b)(9)), and all other such amounts owed to Defendant by GPTX as of the Petition Date must be disallowed until such time as Defendant pays to GPTX an amount equal to the aggregate amount of the GPTX Transfers, plus all pre- and post-judgment interest thereon to the date of payment, as well as all the costs of this suit. *See* 11 U.S.C. § 502(d). Therefore, GPTX submits that the judgment against Defendant should in addition disallow all prepetition claims, expenses (including expenses under Bankruptcy Code § 503(b)(9)), and all other such amounts owed to Defendant by GPTX (if any) as of the Petition Date until such time as Defendant pays to GPTX an amount equal to the aggregate amount of the Transfer, plus all pre- and post-judgment interest thereon to the date of payment, as well as all the costs of this suit.

12.

North American Biomass, LLC is a limited liability company and is neither a minor nor incompetent person and is also not subject to provisions of law concerning military personnel.

13.

This request is supported by the concurrently filed Affidavit of Chip Cummins, attached hereto as <u>Exhibit A</u>, as well as by the Complaint, Amended Complaint and all other papers on file with this Court in this matter.

---

3 Plaintiff reserves all of its rights under other and alternative causes of action pled against Defendant as set forth in the Amended Complaint.

14.

The requested form of judgment includes judgment on the principal amount of $125,119.40, together with (a) pre-judgment interest at the federal judgment rate of 2.25% accruing from April 30, 2018 (the date of filing) through the date of this Judgment; (b) post-judgment interest at the federal judgment rate pursuant to 28 U.S.C. § 1961 from entry of this judgment until paid in full; and (c) filing fees in the amount of $350.00  GPTX submits that such provisions are reasonable and supported by 28 U.S.C. § 1961 and other authority. *See, e.g., Jones v. Holmes (In re Holmes)*, Adv. Case No. 05-04278 (Bankr. E.D.Tex. August 23, 2007) (awarding prejudgment interest at federal judgment rate as of the date of the commencement of suit), cited on Court's website at http://www.txeb.uscourts.gov/sites/txeb/files/opinions/brHolmes-Jones.pdf .

15.

**WHEREFORE**, Plaintiff German Pellets Texas, LLC prays that default judgment be entered in its favor against North American Biomass, LLC in the principal amount of $125,119.40, together with (a) pre-judgment interest at the federal judgment rate of 2.25% accruing from April 30, 2018 (the date of filing) through the date of this Judgment; (b) post-judgment interest at the federal judgment rate pursuant to 28 U.S.C. § 1961 from entry of this judgment until paid in full; and (c) filing fees in the amount of $350.00, and that any claims of Defendant be disallowed, as referenced above.

Dated: January 11, 2019

Respectfully submitted,

W. Steven Bryant
Texas Bar. No. 24027413
Federal I.D. No. 32913
Locke Lord LLP
600 Congress Avenue, Ste. 2200
Austin, Texas 78701
Telephone: (512) 305-4726
Fax: (512) 305-4800
sbryant@lockelord.com

-and-

*/s/ C. Davin Boldissar*
C. Davin Boldissar (La. #29094)
*(admitted pro hac vice)*
Bradley C. Knapp (Tex. #24060101)
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5100
Fax: (504) 681-5211
dboldissar@lockelord.com

**COUNSEL FOR GERMAN PELLETS TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby caused a true and correct copy of the foregoing was served first class U.S. Mail, postage prepaid, upon the party listed below on January 11, 2019:

| | |
|---|---|
| North American Biomass, LLC<br>Attn: Christian Bach<br>44 Mills Road<br>East Longmeadow, MA 01028 | North American Biomass, LLC<br>Attn: Christian Bach<br>2620 Regatta Dr., Suite 102<br>Las Vegas, NV 89128-6892 |

*/s/ C. Davin Boldissar*
C. Davin Boldissar